UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Edward D. Christensen,                    )<br>                 Plaintiff    )<br>                                                           )<br>v.                                                        )<br>                                                           )<br>American Honda Motor Co., and Midwest  )<br>Performance and Power Inc.,               )<br>                Defendants    ) | Case No. 08-1225 |

### ORDER and OPINION

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the Defendant's motion for summary judgment (#34). The motion is fully briefed and I have carefully considered the arguments and evidence submitted by the parties. For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

### SUMMARY JUDGMENT GENERALLY

In Celotex v. Catrett, 477 U.S. 317 (1986), the Supreme Court interpreted Rule 56 as mandating the entry of summary judgment against a party when, "after adequate time for discovery and upon motion" the party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." Id. at 322. The moving party need not "negate the elements of the non-moving party's case;" it is sufficient to show that the non-moving party lacks necessary evidence as to any essential element. Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 885 (1990).

**MATERIAL UNDISPUTED FACTS**

In his complaint, Plaintiff alleges that Honda designed and manufactured a TRX 400 all terrain vehicle ("ATV") purchased by the Plaintiff new in 2004. Plaintiff "experienced problems with the transmission slipping and losing power." A warranty repair on the ATV's tie rods was performed by Midwest Performance in July 2005. Midwest Performance performed another repair for problems with the engine cutting out in November 2005; this was diagnosed by the mechanics as a transmission problem. The accident occurred on September 3, 2006, when Plaintiff was driving the ATV up a 45 degree incline; the power cut out, causing the ATV to flip over backward on top of Plaintiff. (Complaint ¶13). Following the accident, on September 6, 2006 Midwest Performance performed a warranty repair of the clutch.

According to the complaint, the ATV was in an unreasonably dangerous condition when it left the control of Honda and when it was purchased by Christensen "in that the engine, clutch, and transmission would lose power without any prior indication of any performance problem." (Complaint, ¶ 15). Alternatively, Plaintiff alleges that Midwest Performance negligently repaired the ATV on Nov. 10, 2005.

After the complaint was served on Defendant, defense counsel for Honda entered an appearance and an answer. On February 4, 2009, a Rule 16 scheduling conference was held. The parties submitted an Agreed Rule 16(f) Discovery Plan. In that Plan, the parties agreed that both parties would make Rule 26(a) initial disclosures by April 1, 2009. The Plan also provided that Plaintiff would disclose his experts by December 2, 2009; and that Plaintiff's experts would be deposed by February 3, 2010. Those dates were followed by similar obligations for Defendant and then a close of all discovery on June 4, 2010. The Plan

also included the following paragraphs:

> 4. The parties ask the Court to include the following additional provisions in the Rule 16 Order:
>
>    \*   \*   \*   \*   \*
>
>    B. Treating physicians, psychologists, other health care providers, and actor/viewer experts (non-retained experts) such as police officers or mechanics not specifically retained to give testimony at trial are not the subject of expert witness disclosure under Rule 26(a)(2).
>
>    C. the identity of any treating physician, psychologist, health care providers, and other actor/viewer experts shall be disclosed along with the expertise and any records including reports prepared by the witness in his or her treatment or conduct of business shall be produced.

The Court approved the Discovery Plan at the February Rule 16 conference.

Ten months later, on December 15, 2009, the Court granted Defendant's motion to substitute counsel. Original counsel's participation in the case was terminated, and new counsel entered an appearance.

As of February 1, 2010, Plaintiff had not formally served Rule 26(a) initial disclosures; he asserts that he provided answers to interrogatories and a document request that "contained all of the information required to be disclosed by Rule 26(a) initial disclosures." That is not quite accurate. The answers to interrogatories (appended to Defendant's Reply) list the names of 6 people who "witnessed the occurrence set forth in the Complaint" and who were at the scene at the time of, immediately prior to, or immediately after the occurrence, in addition to the medical providers. Nowhere in those answers is either Plaintiff or the mechanic Brock revealed as a person with any discoverable information, let alone opinions.

According to Defendant[1] - and Plaintiff does not dispute this fact - Plaintiff himself has conducted no discovery, written or otherwise, in the year since the scheduling conference. Plaintiff explains this by stating that he was informed by original defense counsel that on site inspection would occur and then the deposition of the Plaintiff would be taken. Before conducting any further discovery, Plaintiff contends that he was waiting to hear from defense counsel about that deposition. In addition, Plaintiff claims that original defense counsel made a request for a settlement demand; Plaintiff says that he sent such a demand on January 13, 2010. According to Plaintiff, no response to the demand was received

Instead, on February 1, 2010, Honda filed its motion for summary judgment, arguing that Plaintiff cannot prove this case without an expert witness, and the deadline for disclosing experts has passed without any such disclosure. Plaintiff, however, contends that he himself (a car salesman for 25 years) and a mechanic are actor/viewers who did not have to be disclosed under the Discovery Plan or Rule 26. Their testimony together, according to Plaintiff, is sufficient to defeat summary judgment on this issue. That very limited issue is now before the Court.

**DISCUSSION**

Plaintiff's response makes it clear that he does not intend to use a retained expert in this case. Moreover, I find that it is too late for him to do so without significant prejudice to the Defendant and without significant impact on the Court's trial calendar. That issue is

---

[1] Defendant also asserts that Plaintiff has not yet provided complete answers to written discovery served on him by Defendant, despite the agreement that written discovery would be complete by May 3, 2009. Defendant has not filed a motion to compel, so the Court expresses no opinion whatsoever about the effect of this asserted failure.

therefore foreclosed.

Plaintiff is wrong that the identities of non-retained opinion witnesses do not have to be disclosed, either as a general rule or in this case. A party "must disclose ... the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed.R.Civ.P. 26(a)(2)(A). These Rules of Evidence provide the evidentiary framework for "opinion testimony," whether offered by lay witnesses or retained expert witnesses. Thus, under 26(a)(2)(A), if a witness of either type will offer opinion testimony, the identity of that witness and the fact that he will offer an opinion must be disclosed.

Rule 26(a)(2)(A) provides that disclosures of expert testimony must be made "at the times and in the sequence that the court orders." In the case before the Court, the Discovery Plan, agreed to by the parties and approved by the Court, required those disclosures to be made, at the latest, on Dec. 2, 2009. Neither Plaintiff himself nor his mechanic were formally identified as witnesses who would offer opinion testimony.

What is not entirely clear is whether Plaintiff may have disclosed in a very informal manner to original defense counsel his intention to use his own and his mechanic's testimony to support his claim. The filings by Plaintiff's counsel as an officer of the Court indicate an agreement between counsel regarding an inspection of the site and a deposition of several people following that inspection. That plan was derailed by two things: settlement discussions with original counsel and then substitution of counsel for defendant.

That uncertainty leads the Court to the conclusion that, despite Plaintiff's counsel's lack of timeliness in so many ways, there is still time to remedy the problem without disrupting the trial date. This conclusion is not, however, to be construed as approval of Plaintiff's lack of diligence in this matter. The deadlines imposed by the Federal Rules and

by the Orders of this Court are designed for orderly case management, and counsel ignores those deadlines at his and, more importantly, his client's peril.

Plaintiff is allowed until close of business (5:00 pm. cdt) on April 23, 2010, to prepare and serve the disclosures mandated by Fed.R.Civ.P. 26(a)(1) and (a)(2)(A). The disclosure shall include all previously disclosed witnesses in addition to opinion witnesses. The *only* previously-not-disclosed witnesses who may be included are fact (i.e. not retained) opinion witnesses.

Plaintiff and any opinion witnesses shall be made available for deposition by May 7, with dates and times to be agreed upon by counsel. Defendant shall disclose its experts by June 4, 2010, with depositions to be complete by June 30, 2010. All other dates remain as currently scheduled.

Because no depositions have been taken, the Court declines to make any ruling with respect to the qualifications of any witness to offer an opinion. That issue may, if necessary, be raised at summary judgment.

ENTERED ON April 19, 2010

                                        s/ John A. Gorman

                                        JOHN A. GORMAN
                                        UNITED STATES MAGISTRATE JUDGE